**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**Debtor KEVIN L. STEADMAN**                                                                                             **Case No.**
**LAURA L. STEADMAN**

**Arkansas Chapter 13 Plan**
(Local Form 13-1)

---

**Original Plan** ☒        **Amended Plan** ☐   For an amended plan, all applicable provisions must be repeated from the previous plan. Provisions may not be incorporated by reference from previously filed plan.

List below the sections of the plan that have been changed:

State the reason for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                             ☐ After confirmation

**Part 1: <u>Notices</u>**

**To Debtor:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**   You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions):
  United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions):
  United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

The objection should be filed consistent with the following timelines:

☒ **Original plan filed *at the time* the petition is filed:**   Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed:**   Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:**   Within 21 days after the filing of the amended plan.

**<u>The court may confirm this plan without further notice if no objection to confirmation is timely filed.</u>**

Debtor _____   Case No. _____

The following matters may be of particular importance. ***Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the | ☒ Included | ☐ Not included |
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☒ Not included |

**Part 2: Plan Payments and Length of Plan**

2.1  **The debtor will make regular payments to the trustee as follows**:
*Inapplicable portions below need not be completed or reproduced.*
**Original plan:** The debtor will pay $3515.00 per month to the trustee. The plan length is 60 months.

   The following provision will apply if completed:

   Plan payments will change to $\_\_\_\_\_ per month beginning on \_\_\_\_\_.

   Plan payments will change to $\_\_\_\_\_ per month beginning on \_\_\_\_\_.

**Amended plan:** Plan payments will change to $\_\_\_\_\_ per month beginning on the later of the date of filing of the amended plan or \_\_\_\_\_. The plan length is \_\_\_\_\_ months.

   The following provision will apply if completed:

   Plan payments will change to $\_\_\_\_\_ per month beginning on \_\_\_\_\_.

The debtor will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2  **Payments shall be made from future income in the following manner:**
Name of debtor <u>Kevin & Laura Steadman</u>
   ☒ Direct pay of entire plan payment or _____ (portion of payment) per month.
   ☐ Employer withholding of $\_\_\_\_\_ per month.
      Name of debtor for withholding _____
      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ other
      If other, please specify: _____
       Employer name:        _____
       Address:        _____
                _____
       Phone:        _____

2.3  **Income tax refunds.**
   *Check one.*
      ☒ Debtor will retain income tax refunds received during the plan term and has allocated the refunds in the budget.
      ☐ Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
      ☐ Debtor will treat income tax refunds as described below.  The debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

2.4  **Additional payments.**
   *Check one.*
      ☒ **None**.  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
      ☐ To fund the plan, debtor will make additional payment to the trustee from other sources, as specified below.
      Describe the source, estimated amount, and date of each anticipated payment.

Debtor _____          Case No. _____

**Part 3: <u>Treatment of Secured Claims</u>**
  **3.1 Adequate Protection Payments.**
    *Check one.*
    ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
    ☒ **T**he debtor' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| AR Superior, 0200 | 2002 Ford Focus SE | $27.37 | ☒ Preconfirmation<br>☒ Postconfirmation |
| Arvest Bank, 3148 | 2022 Ram 3500 | $569.70 | ☒ Preconfirmation<br>☒ Postconfirmation |
| Kubota Credit Corporation, 0089 | 2022 Kubota Tractor | $277.41 | ☒ Preconfirmation<br>☒ Postconfirmation |
| Commercial Bank, 5008 | 2005 Ford Expedition | $48.20 | ☒ Preconfirmation<br>☒ Postconfirmation |

  **3.2 Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor intend to retain).**
    *Check one.*
    ☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
    ☐ The debtor will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. The debtor will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.
The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
|  |  |  | ☐ Debtor<br>☒ Trustee |  |  | None |

  **3.3 Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**
    *Check one.*
    ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
    ☒ Claims listed in this subsection consist of debts that were:
      (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor ("910 car claims"), or
      (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").
The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly

Debtor _____        Case No. _____

payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| AR Superior, 0200 | 2002 Ford Focus SE | 03/2024 | $2737.00 | $2175.00 | 10.5% | $58.83 |
| Kubota Credit Corporation, 0089 | 2022 Kubota Tractor | 04/2022 | $27741.00 | $40000.00 | 10.5% | $596.26 |
| Commercial Bank, 5008 | 2005 Ford Expedition | 07/2023 | $4820.00 | $2825.00 | 10.5% | $103.60 |
| Truist Bank, 1001 | 2 Horse Bumper Pull Trailer | 07/2023 | $18627.00 | $15000.00 | 10.5% | $400.37 |

3.4 **Claims for which § 506 valuation is applicable**. **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.***
☒ The debtor request that the court determine the value of the collateral securing the claims as listed below. For each non-governmental secured claim listed below, the debtor state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral.* For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.
Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.
The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor or the estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| Arvest Bank, 3148 | 2022 Ram 3500 | 12/2021 | $56970.00 | $63725.00 | 10.5% | $1224.51 | $6755.00 |

3.5 **Surrender of collateral.**
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☒ The debtor surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| **BMO Harris Bank, NA, 2248** | **Bison Horse Trailer** |
| **Commercial Bank, 4176** | **2019 Yamaha Side by Side** |

3.6 **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

Debtor _____   Case No. _____

**Part 4: Treatment of Fees and Priority Claims**

**4.1 General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2 Trustee's fees.**
The trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:
   Amount paid to attorney prior to filing:   $0.00
   Amount to be paid by the trustee:   $4750.00
   Total fee requested:   $4750.00
Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor, after administrative costs have been paid.  The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.
   The initial fee and percentage rate requested in the application are $1500.00 and 25%, respectively.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated.  For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
|  |  |  |

**4.5 Domestic support obligations.**
*Check one.*
   ☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
The name and address(es) of the holder of any domestic support obligation are as follows.  *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).  ****If joint debtors, indicate which debtor has a domestic support obligation.****

| Name and address of holder | Paid to | Name of debtor obligated |
|---|---|---|
|  | ☐ Holder<br>☐ Governmental unit, below |  |

The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

| Name and address of the governmental unit | Holder of the domestic support obligation | Name of debtor obligated |
|---|---|---|
|  |  |  |

**Continuing domestic support obligation payment.**
☐ The regular monthly support payment shall be paid by the debtor directly and is included on Schedules I or J.
☐ The regular domestic support obligation monthly payment shall be paid by the trustee as a continuing debt.
**Domestic support obligation arrearage payment.**
☐ The domestic support obligation arrearage claim will be paid by the trustee as listed below. Unless otherwise ordered by the court, the arrearage claim amount listed on the filed and allowed proof of claim will control over the total estimated arrearage amount listed below.

| Name and address of creditor | Total estimated arrearage amount | Monthly arrearage payment |
|---|---|---|
|  |  |  |

**Part 5: Treatment of Nonpriority Unsecured Claims**
**5.1 Nonpriority unsecured claims.**

Debtor _____        Case No. _____

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.**  For above median income debtor, the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor are unable to meet the disposable income pool based on the following circumstances:
*Check one, if applicable.*
☒ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or
☐ Other.  Please specify:

**5.2 Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☐ The unsecured claims designated below will be paid prior to payment of other nonpriority unsecured claims. The reason the claims are treated as "special" is stated below.  These claims will be paid in full based on the filed and allowed proof of claim except as to monthly payment and interest rate, if any.

| Creditor and last 4 digits of account number | Debt amount | Monthly payment | Interest rate (if blank, no interest to be paid) | Reason for classification as special |
|---|---|---|---|---|
|  |  |  |  |  |

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☐ The monthly installment payments will be paid on the following nonpriority unsecured claims for which the last payment is due after the final plan payment and any default in payments is cured. The payments will be disbursed by the trustee during the plan term. These claims will be paid in full based on the filed and allowed proof of claim except as to monthly payment and interest rate, if any.  The debtor will resume the monthly installment payments at the conclusion of the case.

| Creditor and last 4 digits of account number | Debt amount | Monthly payment | Interest rate (if blank, no interest to be paid) | Reason for classification as long term |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 6: Contracts, Leases, Sales and Postpetition Claims**

**6.1 Executory Contracts and Unexpired Leases.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
☐ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor, or by the trustee, as set forth below.  Debtor propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
|  |  | ☒ Debtor<br>☐ Trustee |  |  |  |  |

☐ **Rejected items.** The debtor reject the following executory contracts or unexpired leases. The debtor request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
|  |  |

Debtor _____   Case No. _____

|   |   |
|---|---|
|   |   |

**6.2 Sale of assets.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*
☐ The debtor propose to sell the described real or personal property after notice and court approval on the following terms and will commit the proceeds as indicated.  The debtor also make the provisions listed below if the sale of the property does not ultimately occur.

| Creditor | Property to be sold | Terms of sale | Provision for proceeds and if property does not sell |
|---|---|---|---|
|   |   |   |   |

**6.3 Claims not to be paid by the trustee.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*
☒ The following claims are to be paid directly to the creditor by the debtor and not by the trustee.  These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| Triad Fin Sv, 2019 | ☒ Debtor<br>☐ Other | Mortgage for home at 141 Bradley Road 130, Banks, AR 71631 |

**6.4 Postpetition claims.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*
☒ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

**Part 7: <u>Vesting of Property of the Estate</u>**
**7.1 Property of the estate will vest in the debtor upon:**
*Check the applicable box.*
☐ plan confirmation.
☒ entry of discharge.
☐ other:

**Part 8: <u>Nonstandard Plan Provisions</u>**
☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
*Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*
**8.1** *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.*

Debtor _____     Case No. _____

**Part 9: Signatures**

By filing this document, the attorney for the debtor or the debtor themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

*/s/ Matthew D.Black*     Date **September 20, 2024**
MATTHEW D. BLACK, BAR #2007-259
CURTIS A. SHEPHERD, BAR #2023-250
JACK W. DICKERSON, BAR #91001

**Attorney for Debtor**

*/s/ Kevin Steadman*     Date **September 20, 2024**
**Kevin L. Steadman, Debtor 1**

*/s/ Laura Steadman*     Date **September 20, 2024**
**Laura L. Steadman, Debtor 2**

Debtor _____  Case No. _____

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan has been served by CM/ECF to the Chapter 13 Standing Trustee assigned to this case; Patricia J. Stanley, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on September 20, 2024:

| | |
|---|---|
| Department of Finance and Administration<br>Legal Division<br>PO Box 1272<br>Little Rock, AR 72203 | Internal Revenue Service<br>Special Procedure<br>PO Box 7346<br>Philadelphia, PA 19101 |
| U.S. Attorney (Eastern District)<br>PO Box 1229<br>Little Rock, AR 72203 | U.S. Attorney (Western District)<br>414 Parker Avenue<br>Fort Smith, AR 72901 |
| Arkansas Department of Workforce Services<br>Legal Division<br>PO Box 8040<br>Little Rock, AR 72203 | |

And to all creditors whose names and addresses are set forth on attached matrix(ces).

The undersigned further certifies that a true and correct copy of the attached Chapter 13 Plan that requests a valuation determination pursuant to Section 3.4 was served by U.S. Mail, postage prepaid, to the following unless otherwise noted:

Arvest Bank
Kevin Sabin, CEO
103 S Bloomington St.,
Lowell, AR 72745
(Certified mail, Return Receipt Requested)

                                                                Respectfully Submitted
                                                                 Dickerson Law Firm, P.A.
                                                                 PO Box 6400
                                                                 Hot Springs, AR 71902
                                                                 Telephone: (501) 321-0808
                                                                 Fax: (501) 321-2954

                                                                 By: ***/s/ Matthew D. Black***
                                                                MATTHEW D. BLACK, BAR #2007-259
                                                                CURTIS A. SHEPHERD, BAR #2023-250
                                                                JACK W. DICKERSON, BAR #91001